**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4395**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARON QUASHAWN WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:21-cr-00035-MOC-DCK-3)

Submitted:  January 20, 2026                    Decided:  March 3, 2026

Before RICHARDSON, HEYTENS, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mekka Jeffers-Nelson, LAW OFFICE OF MEKKA JEFFERS-NELSON, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daron Quashawn Wright appeals the district court's judgment revoking his supervised release and imposing a 10-month prison term and an 18-month term of supervised release. On appeal, Wright's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as issues for review whether Wright's revocation sentence is unreasonable and whether trial counsel rendered ineffective assistance in connection with sentencing. The Government did not file a response brief,[1] and Wright—although notified of his right to do so—did not file a pro se supplemental brief. We affirm.[2]

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive

---

[1] Wright initially pled guilty pursuant to a plea agreement to conspiracy to commit theft of the mail, in violation of 18 U.S.C. § 371, and was sentenced to 30 months' imprisonment and a 2-year term of supervised release. The Government has not asserted that the appellate waiver in Wright's plea agreement bars this appeal in whole or in part. We therefore may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

[2] Wright was released from prison during the pendency of this appeal. In view of his service of the 18-month term of supervised release, this appeal is not moot. *See United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018).

considerations that guide our review of original sentences," but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation modified).

"A [supervised release] revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). "A sentence within the policy statement range is presumed reasonable, though the sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." *Padgett*, 788 F.3d at 373 (citation modified). "Only if we find a revocation sentence unreasonable do we consider whether it is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (citation modified). "If a revocation sentence—even an unreasonable one—is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).

We find no plain unreasonableness in Wright's revocation sentence. The 10-month prison term does not exceed the maximum prison term allowed by statute. *See* 18 U.S.C. § 3583(e)(3). The district court properly calculated Wright's advisory policy statement

3

prison range at 6 to 12 months based on his Grade C violations and his Category IV criminal history. *See* U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (2024). The court heard arguments from counsel and Wright's statements in allocution, and, after considering these matters and the policy statement range, explained its reasons for imposing the 10-month prison term. The court's reasons are grounded in factors appropriate for consideration in the revocation sentencing context, namely, the nature and circumstances of Wright's violative conduct, his history and characteristics, and the sanctioning of his breaches of trust while on release. *See* 18 U.S.C. §§ 3553(a)(1), 3583(e); USSG Ch. 7, Pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."). Contrary to the suggestions of *Anders* counsel, the district court did not refer to Wright as a "smart criminal" or make "disparaging racial remarks" in imposing sentence, and we discern no plain error warranting correction based on the way the district court characterized Wright's violative conduct. *Anders* counsel offers nothing to rebut the presumption of reasonableness afforded to the 10-month prison term, and we discern nothing in the record rebutting that presumption.

Wright's 18-month supervised release term does not exceed the applicable statutory maximum, *see* 18 U.S.C. § 3583(h), or the maximum authorized under the relevant policy statement, *see* USSG § 7B1.3(g)(2), p.s., and we discern no plain error warranting correction in the district court's failure to calculate the maximum supervised release term available under the policy statement. The term is supported by the § 3553(a) factors buttressing the prison term and the district court's additional statements evincing that the

4

supervision term was warranted to provide Wright the opportunity for needed treatment after completing his prison term. *See* 18 U.S.C. §§ 3553(a)(2)(D), 3583(e). Although *Anders* counsel suggests that the term is "excessive," counsel does so in wholly summary fashion, and we find nothing in the record supporting such a conclusion or suggesting that the term is otherwise substantively unreasonable. Counsel, further, has not suggested that the district court plainly erred in imposing the discretionary conditions of Wright's supervision term, and we discern nothing in the record supporting that conclusion.

*Anders* counsel also questions whether trial counsel rendered ineffective assistance in connection with sentencing. This court typically will not review a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To demonstrate ineffective assistance of trial counsel, Wright must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of the record. This claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508. We therefore decline to address this claim at this juncture.

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the revocation judgment. This court requires that counsel inform Wright, in writing, of the right to petition

5

the Supreme Court of the United States for further review.  If Wright requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Wright.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*